UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY DAWSON,<br>       Plaintiff,<br><br>    v.<br><br>NURSE RAFEAL, et al.,<br>       Defendants. | Case No. 21-08877 BLF (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner currently housed at Folsom State Prison, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against a nurse at the Martinez Detention Facility. Dkt. No. 7. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order. Dkt. No. 4.

**DISCUSSION**

**A.** <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that on September 3, 2021, he was given the wrong medication by a new nurse, Defendant Rafeal, during pill call. Dkt. No. 7 at 2-3. Plaintiff claims that Nurse Rafeal told him that his medication had changed. *Id.* at 3. Plaintiff claims that mental health medication cannot be changed without his consent or talking with a doctor. *Id.* When Plaintiff told Nurse Rafeal that the pills he was given were not his normal pills, Nurse Rafeal "made [him] take it." *Id.* Plaintiff claims that he had negative reactions to the drug that evening. *Id.* Plaintiff claims it was the nurse's job "to make sure we get the right meds and in a timely manner which was neglected by medical staff and regular staff." *Id.* Plaintiff seeks damages. *Id.*

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts

2

from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson*, 290 F.3d at 1188.

The complaint fails to state a cognizable claim. Even if we assume Plaintiff satisfies the first element for serious medical need, he fails to establish the second prong regarding Defendant's response to that need. This action is based on a single incident when a new nurse, Defendant Rafeal, gave Plaintiff the wrong medication. As Plaintiff alleges, Nurse Rafeal informed him that his medication had changed. Even if the change in medication was not appropriate, there is no allegation the Nurse Rafeal was responsible for that change; he was simply dispensing medication "as prescribed." Dkt. No. 7 at 2. Nor is there is any allegation that Nurse Rafeal gave Plaintiff the wrong medication knowing that Plaintiff would face a substantial risk of serious harm and that he disregarded that risk. Even if Nurse Rafeal should have been aware of the risk but was not, then he has not violated the Eighth Amendment, no matter how severe the risk. *Gibson*, 290 F.3d at 1188.

Plaintiff also alleges that he received the wrong medication because of the neglect of medical staff and regular staff. Dkt. No. 7 at 3. However, a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *see, e.g.*, *McGuckin*, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's 8th Amendment rights). Even if Defendant Rafeal's actions were negligent, this isolated incident is not sufficient to establish an Eighth Amendment violation. *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains is not constitutional violation; isolated occurrences of neglect

3

may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain). Accordingly, this action must be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED** for failure to state a claim for which relief can be granted and as untimely.

The Clerk shall terminate any pending motions and close the file.

**IT IS SO ORDERED.**

**Dated:  __March 18, 2022_____**

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.21\08877Dawson_dism(ftsac)

4